Plaintiff's (taxpayers), represented pro se by Kurt E. Freitag (Freitag), appeal a Magistrate Division decision upholding the determination of real market value (RMV) made by Intervenor Lincoln County Assessor (the county). Defendant Department of Revenue tendered its defense of the case to the county. This matter comes before the court after trial. At the close of Plaintiffs' case, the court granted the county's motion to dismiss. The purpose of issuing this opinion is to describe the events at trial and the grounds for dismissal.
 I. FACTS
The property at issue is a beach house located in Lincoln County. The county computed the 2004-05 RMV of $301,000 by trending forward the RMV from the prior tax year's determination in this court. See Freitag v. Dept. of Rev., 18 OTR 368 (2005). In their complaint, taxpayers assert that the RMV of the property is not more than $185,000.
Trial was held in the matter on December 20, 2006. Taxpayers and the county each made opening statements. Freitag then proceeded to his case by calling Dan Christianson, a county appraiser, as his first witness. The county objected on relevancy grounds, anticipating that Freitag was going to attack the county's appraisal by engaging in cross-examination of its expert witness before the county had either undertaken direct examination or offered the appraisal into evidence. The court asked Freitag what his purpose was in calling Christianson. Freitag stated that he wanted to know what RMV Christianson would place on the property. The court sustained the department's objection. Freitag did not have any more witnesses to call, nor did he offer any exhibits, and the county moved for dismissal pursuant to Tax Court Rule (TCR) 60 at the end of taxpayers' case. *Page 205 
The court questioned whether Freitag had any other evidence to prove the asserted value of the property, where-upon Freitag stated he had intended to elicit that information from Christianson's testimony. The court explained to Freitag that taxpayers had the burden of proving the RMV that they had asserted and that it could not be done simply by attacking the county's conclusion.
The court confirmed that Freitag, though his interrogation of Christianson, intended to establish that the property was worth less than $225,000. After putting Christianson under oath, the court asked him if his testimony would support such a valuation, to which he responded that it would not. The county's attorney then inquired if Christianson's testimony would support any valuation in an amount less than $225,000, to which Christianson also responded in the negative. The court excused the witness and, concluding that taxpayers had not made out a primafacie case, granted the county's motion to dismiss.
 II. ANALYSIS
The court has "broad discretion to control the order and presentation of evidence." State v. Cox, 337 Or 477,490, 98 P3d 1103 (2004). OEC 611(1) provides:
 "The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to make the interrogation and presentation effective for the ascertainment of the truth, avoid needless consumption of time and protect witnesses from harassment or undue embarrassment."
That includes preventing a party from needlessly interrogating a witness when that party cannot obtain relevant testimony from that witness. In the case of a valuation appeal, relevant testimony would be testimony supporting taxpayers' asserted RMV for the property. Merely attacking the conclusion of the county through the interrogation would not elicit relevant testimony from a witness because that process does not provide evidence that would support taxpayers' asserted RMV. Freitag,18 OTR at 374. Here Christianson stated, under oath, that his testimony would not support a valuation at or under $225,000. Accordingly, after concluding *Page 206 
that the witness would not be able to offer any relevant testimony, the court exercised its discretion in sustaining the county's objection. There was no indication that Freitag had deposed Christianson, therefore, calling him to testify would have been a fishing expedition rather than a confirmation of facts known from discovery. The court need not allow such fishing expeditions.
In order for a party to prevail on a motion to dismiss at trial made pursuant to TCR 60, "the moving party must demonstrate that the record contains no evidence to support the nonmoving party's claim or claims." Freitag, 18 OTR at 373-74 (citation omitted). The court does not weigh the evidence, but considers the entire record, allowing the nonmoving party "all reasonable inferences * * * in the light most favorable to that party."Id. at 374.
Taxpayers did not provide testimony on their own behalf, nor did they produce anyone else to testify as to the RMV of the property. In addition, taxpayers offered no exhibits or other evidence. Freitag stated that it was his intent to attempt to prove the property's value by relying on the county's witnesses and exhibits. Taxpayers, however, are the ones who have the burden of proof. See ORS 305.427. The county has no obligation to call witnesses or introduce evidence until taxpayers shift the burden by presenting evidence of their asserted RMV. Taxpayers failed to offer testimony or other evidence of any kind. Accordingly, the county's TCR 60 motion was properly granted at the conclusion of tax-payers' case.
 III. CONCLUSION
Taxpayers failed to establish a prima facie case of their asserted value for the property. Now, therefore,
IT IS THE DECISION OF THIS COURT that the county's motion to dismiss is granted.
 Costs are awarded to the county. *Page 207