DECISION
Plaintiff appeals concerning the 2007-08 valuation of certain real property located within Washington County and identified as Account R533710.
A trial was held on March 19, 2009, in Salem, Oregon. W. Scott Phinney, Attorney at Law, represented Plaintiff. Plaintiff presented no witnesses. Representing Defendant was Brad Anderson, Assistant County Counsel. Jim Sanders, Senior Commercial Appraiser, testified as an expert witness. Subsequently, written arguments were filed; the record closed May 18, 2009.
 I. STATEMENT OF FACTS
The subject property is located at 18810 SW Boones Ferry Road in Tualatin, Oregon. The land totals .35 acre. Located at the site on January 1, 2007, was a two story retail/office shell (incomplete) and a small restaurant. (Def's Ex A at 3.)
The parties resolved the prior year's 2006-07 valuation dispute through a settlement process. It resulted in values based on the purchase price along with the costs and risks inherent in moving the building shell to a new site. (Id.) *Page 2 
The key issue is the valuation of the buildings and structures. The real market value (RMV) urged by the parties are as follows:

 Land Improvements Total
BOPTA $307,910 $249,800 $557,710
Defendant Appraisal $133,150 $262,000 $395,150
Plaintiff @ Trial $133,150 $ 0 $133,150
Defendant @ Trial[1] $161,100 $262,000 $423,100

Those values were analyzed at trial and mentioned in the post-trial written arguments.
Plaintiff offered no independent appraisal witnesses or documentations. Instead, counsel called Jim Sanders (Sanders) as its first and only witness. Sanders testified that he did not agree with Plaintiff's valuation opinion or its legal analysis of the case; he recommended no reductions.
Later, Sanders was called as an expert appraisal witness by Defendant. He studied all three accepted approaches to value. His cost analysis was based on the Marshall and Swift Valuation Service. He concluded $267,000 for the two buildings, using the rounded values. He presented five land sales of comparable properties. The transactions occurred in 2006 and 2007. (Def's Ex A at 17-19.) He concluded $20.50 per square foot for a land value of $312,500 in the cost approach. (Id. at 20-22.)
Sanders also presented a sales comparison approach with eight comparable sales. They occurred during 2005, 2006, and 2007. They ranged in per square foot price from $175 to $473. (Id. at 23.)Finally, the expert appraiser presented an income approach that examined five similar rent comparables. (Id. at 29.) *Page 3 
 II. ANALYSIS
Defendant presented a comprehensive appraisal study. The witness examined all three approaches to value and testified in an accurate and professional manner. He included appropriate maps, photographs and a sophisticated financial analysis. The main report was supplemented by background data and supporting addenda.
Plaintiff's lack of an independent appraisal witness raises obvious difficulties. See Freitag v. Dept. of Rev., 19 OTR 203 (2007). Merely attacking the conclusion of the county does not provide evidence that would independently support the owner's requested RMV. Plaintiff presented no trial exhibits.
The two buildings at the site have a substantial RMV, yet Plaintiff urges a value of zero dollars. That is not reasonable or appropriate. Rental income is received from the restaurant; it does generate revenue.
The brick building was moved during 2006 to a different location and received a new foundation after extensive excavation. Substantial funding and significant renovations occurred with that transformation of the structure with added value. That clearly created additional value that Defendant is obligated to capture pursuant to ORS 309.115.[2]
As to the land's prior stipulation at $133,150 RMV for 2006-07, that does not necessarily remain frozen for several years. The evidence reveals there was an undisputed increase in land value of 21 percent for the next 12 months. That fully supports a trended land value of $161,100 as of the January 1, 2007, assessment date. Defendant's calculations are correct. *Page 4 
 III. CONCLUSION
The valuation set by the Washington County Board of Property Tax Appeals is excessive. Plaintiff is entitled to a correction and reduction. However, that reduction cannot reasonably be zero value allocated to substantial improvements nor result in an historically frozen, outdated land value.
The court finds the 2007-08 real market value of the property was $423,100, with $161,100 allocated to land and $262,000 to improvements.
IT IS THE DECISION OF THIS COURT that Defendant shall comply with the above findings in all respects.
Dated this ___ day of December 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on December11, 2009. The Court filed and entered this document on December 11,2009.
[1] At trial, Defendant amended its position to seek an increase in the land value.
[2] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1